

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Omar Burkett, Chairman
Committee on Federal Relations
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3685
Re: The veto power of the Governor
pertaining to items of appro-
priation appearing in "riders"
to an appropriation bill.

We are pleased to reply to your letter of recent
date which reads as follows:

"Will you kindly give us your opinion on
the following:

"Does the Governor of the State of Texas
have the same right to strike from or delete the
items enumerated in a rider to an appropriation
bill that he would have to lower or strike from
or delete the items from the general bill itself?

"We have especially in mind the riders on
pages 137 of the Oil and Gas Division and pages
138 and 139 of the Gas Utilities Division of the
Railroad Commission in the Senate Bill No. 425
now pending in the House of Representatives.

". . ."

The executive veto power of the Governor is found
in Section 14 of Article IV of the Constitution of this State.
As pertinent to your inquiry, it reads as follows:

". . . . If any bill presented to the Gover-
nor contains several items of appropriation he
may object to one or more of such items, and ap-
prove the other portion of the bill. In such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Omar Burkett, Chairman, Page 2

case he shall append to the bill, at the time of signing it, a statement of the items to which he objects, and no item so objected to shall take effect. . . ."

The Governor's power under the Constitution with reference to an appropriation bill is described by Mr. Justice Dibrell, speaking for the Supreme Court of Texas, in Fulmore v. Lane, 104 Tex. 499, 140 S. W. 405, as follows:

"Nowhere in the Constitution is the authority given the Governor to approve in part and disapprove in part a bill. The only additional authority to disapproving the bill in whole is that given to object to an item or items, where a bill contains several items of appropriation. It follows conclusively that where the veto power is attempted to be exercised to object to a paragraph or portion of a bill other than an item or items, or to language qualifying an appropriation or directing the method of its uses, he exceeds the Constitutional authority vested in him, and his objection to such paragraph, or portion of a bill, or language qualifying an appropriation, or directing the method of its use, becomes non-effective. . . .

". . . If a bill passed by the Legislature contains several items of appropriation, the Governor is authorized to object to one or more of such items, and such item or items so objected to shall not become a part of the law, unless the Legislature be in session and such item or items objected to be reconsidered and approved by two-thirds of the members of both Houses. . . ."

No particular form, or method, or verbiage, is required to constitute an item of appropriation. A provision in an appropriation bill which does not list positions or contain specified items may none the less be sufficient as an item of appropriation. It may constitute a sufficient appropriation although it does not name a certain sum or a maximum sum. National Biscuit Company vs. State, 135 S. W. (2d) 687.

Honorable Omar Burkett, Chairman, Page 3

An item of appropriation should not, of course, be confused with provisions in an appropriation bill which qualify an appropriation or direct the method of its usage.

Typical of the riders to which you refer in your letter is one which reads as follows:

"In addition to the sums hereinabove appropriated out of receipts accruing under Article 6032, Revised Civil Statutes, 1925, and any amendments thereto, there is hereby appropriated from said receipts, for the enforcement of the Oil and Gas Conservation and Regulation laws, including salaries, travel and other necessary expenses, a sum not to exceed one-half ($\frac{1}{2}$) of such fees accruing each fiscal year over and above the total itemized appropriation for the respective years."

It is our opinion that a rider of this type constitutes an item of appropriation within the purview of Section 14 of Article IV of the Constitution of Texas and is subject to the veto power of the Chief Executive.

APPROVED JUN 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:mp

